NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| SANDRA L. GADSDEN, | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 11-4577 (JAP) |
| NEWARK CLERK'S OFFICE and JERSEY CITY EDUCATION ASSOCIATION, | : | |
| Defendants. | : | |
| SANDRA L. GADSDEN, | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 11-4690 (JAP) |
| NEWARK CLERK'S OFFICE and JERSEY CITY PUBLIC SCHOOLS, | : | **OPINION** |
| Defendants. | : | |

PISANO, District Judge.

Presently before the Court are pro se Plaintiff Sandra Gadsden's applications to proceed without prepayment of fees, and accordingly, proceed *in forma pauperis*, pursuant to 28 U.S.C. § 1915. Having reviewed Plaintiff's applications and having found that Plaintiff has shown that she is unable to pay the required fees or give security thereof, the Court grants Plaintiff's applications to proceed *in forma pauperis*. The Court dismisses both Complaints, however, because they fail to state a claim upon which relief may be granted.

I.  Background

Plaintiff commenced these actions by filing Complaints[1] that were received by the Court on August 1, 2011. The following day, the Court received Plaintiff's applications to proceed *in forma pauperis*. In the Complaints, Plaintiff alleges that clerical errors were made in prior actions[2] brought by Plaintiff against Jersey City Education Association and Jersey City Public Schools. Plaintiff now seeks to reinstate or reopen those cases.

II.  Discussion

After determining that a plaintiff is qualified to proceed *in forma pauperis*, the Court has an obligation under 28 U.S.C. § 1915(e)(2)(B) to screen the complaint to determine whether it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief. A pro se complaint is construed liberally in favor of the plaintiff, and it may be dismissed only if the plaintiff can prove "no set of facts in support of his claim which would entitle him to relief." *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Millhouse v. Carlson*, 652 F.2d 371, 373 (3d Cir. 1981).

Here, because Plaintiff has shown that she is unable to pay the required fees or give security thereof, Plaintiff qualifies to proceed *in forma pauperis*. Nevertheless, Plaintiff's Complaints must be dismissed for failing to state a claim upon which relief may be granted. Although captioned as Complaints, Plaintiff's filings appear instead to be motions to reopen Plaintiff's prior actions against Jersey City Education Association and Jersey City Public Schools. Such motions are properly filed pursuant to Federal Rule of Civil Procedure 60 in the

---

[1] The two Complaints are nearly identical. The only differences appear to be the named Defendant—Jersey City Education Association in 11-4577 and Jersey City Public Schools in 11-4690—and the corresponding prior action Plaintiff seeks to reopen—08-3248 and 08-3249, respectively. Accordingly, the Court considers both Complaints together.

[2] In her pleadings, Plaintiff references numerous docket numbers, including 08-3248, 08-3249 and 07-4861. These references appear to be actions previously brought by Plaintiff against Jersey City Education Association and Jersey City Public Schools.

courts that rendered the prior decisions, not by way of new complaints.  Accordingly, the Court dismisses Plaintiff's Complaints for failing to state a claim.

III.	Conclusion

For the reasons above, the Court grants Plaintiff's applications to proceed *in forma pauperis*, but dismisses Plaintiff's Complaints for failing to state a claim upon which relief can be granted.  An appropriate Order will follow.

/s/ JOEL A. PISANO
United States District Judge

Dated: September 21, 2011